IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-01336-CNS-JPO

AMERICAN TOWER MANAGEMENT, LLC;
AMERICAN TOWER DELAWARE CORPORATION;
UNISITE, LLC;
SPECTRASITE COMMUNICATIONS, LLC;
AMERICAN TOWERS LLC;
AMERICAN TOWERS ASSET SUB, LLC;
CENTRAL STATES TOWER HOLDINGS, LLC;
DCS TOWERS SUB, LLC;
GTP TOWERS I, LLC;
ATC SEQUOIA, LLC;
GRAINCOMM III;
INSITE WIRELESS GROUP, LLC; and
INSITE TOWERS DEVELOPMENT, LLC,

     Plaintiffs,

v.

TPT SPEEDCONNECT LLC,

     Defendant.

## ORDER

Plaintiffs[1] move for default judgment against Defendant TPT Speedconnect LLC. ECF No. 32. Defendant has not responded to the complaint or otherwise appeared in this matter. For the reasons below, the Court GRANTS American Tower Plaintiffs' motion.

### I. BACKGROUND

---

[1] Plaintiffs, who are all represented by the same counsel, collectively refer to themselves as "American Tower Plaintiffs." ECF No. 32 at 1. The Court will do the same.

1

American Tower Plaintiffs contracted with Defendant regarding the installation and operation of Defendant's telecommunication equipment on multiple towers owned and operated by American Tower Plaintiffs. ECF No. 1 (Compl.), ¶ 23.

On May 25, 2023, American Tower Plaintiffs filed their complaint against Defendant alleging that Defendant breached 60 license agreements. *Id.*, ¶ 22. On June 6, 2023, a copy of the summons and complaint was served on Defendant's Registered Agent. ECF No. 24. Defendant failed to respond to the complaint. ECF No. 32-2.  On August 31, 2023, American Tower Plaintiffs requested that the Clerk of Court enter a default against Defendant, which the Clerk did on September 5, 2023. ECF Nos. 29, 30. On November 2, 2023, American Tower Plaintiffs moved for entry of default judgment under Federal Rule of Civil Procedure 55(b)(2). ECF No. 32.

## II.   LEGAL STANDARD

A court may enter default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). "A party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Villanueva v. Acct. Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (internal quotations omitted). "Strong policies favor resolution of disputes on their merits," and thus a district court should only enter default judgment "when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (citations and quotations omitted).

To grant a default judgment, a court must first determine that it has both subject matter jurisdiction over the action and personal jurisdiction over each defaulting defendant. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). It then must evaluate whether the plaintiff's pleadings support a judgment on the claims alleged. *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016). The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citations and quotations omitted); *see also Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) ("[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (internal quotations omitted)). Courts must accept as true well-pleaded factual allegations in the complaint and any attendant affidavits or exhibits. *Magic Carpet Ski Lifts, Inc. v. S&A Co., Ltd*, No. 14-cv-02133-REB-KLM, 2015 WL 4237950, at *5 (D. Colo. 2015) ("[U]ndisputed facts from the complaint and supporting affidavits are taken as true for purposes of analyzing [motions for entry of default judgment].").

If the plaintiff fails to allege facts in support of a claim, the plaintiff cannot prevail on default judgment on that claim. *See Behav. Analyst Certification Bd., Inc. v. Solis*, No. 21-cv-02131-NYW-STV, 2022 WL 17736781, at *2 ("There must be a sufficient basis in the pleadings for the judgment entered." (citations and quotations omitted). The plaintiff's burden is akin to the one borne by a party opposing a Rule 12(b)(6) motion. *See Magic Carpet*, 2015 WL 4237950, at *5; *see also Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (per curiam) ("The requisite factual showing for a default

judgment is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim."). A plaintiff who sufficiently alleges facts in support of a claim must also establish damages by "adequately reflect[ing] the basis for the award as supported by the evidence in the record." *Behav. Analyst Certification Bd.*, 2022 WL 17736781, at *2.

### III.   ANALYSIS

#### A.   Jurisdiction

To enter default judgment, a court must have both subject matter jurisdiction over the action and personal jurisdiction over the defendant. *Williams*, 802 F.2d at 1203. The Court analyzes each below, concluding that both are established.

##### 1. Subject Matter Jurisdiction

American Tower Plaintiffs assert that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The Court agrees.

A court has subject matter jurisdiction over an action when there is either a federal question at issue or diversity between the parties. *See* 28 U.S.C. §§ 1331, 1332. Section 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the controversy "is between citizens of different States." 28 U.S.C. § 1332(a)(1). The citizenship of a limited liability company (LLC) is determined by the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990).

Here, each Plaintiff is an LLC with a sole member incorporated in Delaware and a principal place of business in Massachusetts. ECF No. 1, ¶¶ 2–15. Therefore, the

citizenship of each Plaintiff is Delaware and Massachusetts. Defendant, on the other hand, is an LLC with a sole member incorporated in Florida and a principal place of business in California. ECF No. 1, ¶ 16. Therefore, Defendant is a citizen of Florida and California. Because the adverse parties are citizens of different states, the parties are diverse. *See* 28 U.S.C. § 1332(a).

American Tower Plaintiffs must also establish that the amount in controversy exceeds $75,000.  A plaintiff may aggregate all its claims against a single defendant. *Elliot Indust. V. BP Am. Prod. Co.*, 407 F.3d 1091, 1105 (10th Cir. 2005). Here, American Tower Plaintiffs alleges that Defendant owes them $2,914,831.31 before costs and attorney fees. ECF No. 32-1. Specifically, American Tower Plaintiffs allege that Defendant owes each Plaintiff the following amount:

- American Tower Management, LLC - $246, 883.26
- American Tower Delaware Corporation - $158,142.61
- UniSite, LLC - $166,023.43
- SpectraSite Communications, LLC - $122,417.94
- American Towers LLC - $428,615.02
- American Tower Asset Sub, LLC - $389,524.31
- GTP Acquisition Partners II, LLC - $368,492.01
- ATC Sequoia LLC - $409,540.11
- GrainComm III, LLC - $367,835.00
- InSite Wireless Group, LLC – 85,927.01
- Central States Tower Holdings - $60,602.18

5

- DCS Tower Sub, LLC - $60,602.18
- GTP Towers I - $13,219.58
- InSite Towers Development, LLC - $46,504.65

*Id.* Additionally, American Tower Plaintiffs claim that Defendant owes $987,528.88 in interest that has accrued since December 15, 2021. *Id.*

American Tower Plaintiffs also assert that this Court has supplemental jurisdiction over the claims of Central States Holdings; DCS Tower Sub, LLC; GTP Towers I; and InSite Towers Development, LLC despite these claims each equaling less than $75,000. ECF No. 32 at 5. The claims sought by these Plaintiffs arise from a common nucleus of operative facts as the claims sought by the other American Tower Plaintiffs whose claims exceed $75,000. The Court exercises its discretion and has supplemental jurisdiction over these claims.

American Tower Plaintiffs have properly met their burden to show diversity jurisdiction and, where applicable, supplemental jurisdiction.

### 2. Personal Jurisdiction

A plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). However, "the plaintiff need only make a prima facie showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997).

6

Corporations and LLCs are subject to general personal jurisdiction in their state of incorporation and the state in which they maintain their principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (for corporations, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." (citation, alterations, and quotation marks omitted)); *Bliss v. Change Healthcare Operations LLC*, 2021 WL 706770, at *1 (W.D. Okla. Feb. 23, 2021) (collecting cases and finding that "[c]ourts have held that *Daimler* applies with equal force to limited liability companies."); *see also Ally Fin. Inc. v. Allypayments LLC*, No. 20-CV-02517-PAB, 2021 WL 4426950, at *3 (D. Colo. Sept. 27, 2021) (quoting *id.*).

Defendant was a Colorado LLC until March 2023. ECF No. 32 at 7. On March 27, 2023, Defendant converted to a domestic corporation.[2] *Id.* Although Defendant changed from a domestic LLC to a domestic corporation, such conversion does not affect prior obligations and Defendant remains subject to general personal jurisdiction in the State of Colorado.[3] C.R.S. § 7-90-202.

---

[2] On March 27, 2023, SpeedConnect, LLC converted from a Colorado LLC to a Colorado corporation, SpeedConnect, Inc. SpeedConnect, Inc. has addresses in both Colorado and California, and a principal place of business in California. SpeedConnect, LLC was a Colorado LLC and subsidiary of TPT Global Tech, Inc. TPT Global Tech, Inc. is a Florida corporation with its principal place of business in California. However, Defendant was an LLC at the time of filing and therefore is a citizen of Florida and California. *Wells Fargo Bank, N.A. v. Mesh Suture, Inc.,* 31 F.4th 1300, 1308 (10th Cir. 2022) (concluding that jurisdiction is determined from the facts at the time of filing).

[3] Defendant was a Colorado LLC at the time of filing. Personal jurisdiction is established at the time of filing, therefore the conversion that occurred after the filing does not impact personal jurisdiction. *Wells Fargo Bank, N.A.*, 31 F.4th at 1308.

Because American Tower Plaintiffs have established that Defendant is subject to personal jurisdiction in Colorado, Plaintiffs have properly satisfied their burden to show general personal jurisdiction.

**B.     Default Judgment**

Having established personal and subject-matter jurisdiction, the Court must next decide "whether the unchallenged facts constitute a legitimate cause of action," such that judgment should be entered. *Bixler*, 596 F.3d at 762 (quotation omitted).

1.     Breach of Contract

A plaintiff is entitled to a default judgment on a breach of contract claim if the complaint contains specific allegations substantiating each element of the claim. *See Jones v. Marquis Props., LLC,* 212 F. Supp. 3d 1010, 1015–19 (D. Colo. 2016). To establish a claim for breach of contract, a plaintiff must allege "(1) the existence of a contract; (2) performance by the plaintiff or some justification for its nonperformance; (3) the defendant's failure to perform the contract; and (4) damages." *Zurich Am. Ins. Co. v. Dillon Cos., LLC*, 595 F. Supp. 3d 1003, 1007 (D. Colo. 2022) (citing *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)). "The 'performance' element in a breach of contract action means 'substantial' performance." *W. Distrib. Co.*, 841 P.2d at 1058 (quoting *Newcomb v. Schaeffler*, 279 P.2d 409, 412 (Colo. 1955)). "Substantial performance occurs when, although the conditions of the contract have been deviated from in trifling particulars not materially detracting from the benefit the other party would derive from a literal performance, [the defendant] has received substantially the benefit he expected." *Id.* (citation and quotations omitted)

Here, American Tower Plaintiffs allege that (1) 60 agreements exist between the parties, which required Defendant to pay an annual or monthly rent or license fee, as well as other fees; (2) Defendant breached the agreements by failing to pay the applicable rent required by the agreements; (3) American Tower Plaintiffs performed its obligations under the applicable agreements; and (4) American Tower Plaintiffs suffered damages as a result of Defendant's breach of the agreements. ECF No. 32.

Accordingly, the Court finds that American Tower Plaintiffs have substantiated each element of their claim.

### 2.   Declaratory Judgment

Next, American Tower Plaintiffs ask the Court to allow American Tower Plaintiffs to take possession of and remove Defendant's equipment remaining at the 60 sites because Defendant's failure to remove its equipment is preventing American Tower Plaintiffs from re-letting the sites. ECF No. 32 at 9.

The Declaratory Judgment Act allows a party to ask a court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "The purpose of the Declaratory Judgment Act is to settle actual controversies before they ripen into violations of law or a breach of duty." *United States v. Fisher-Otis Co.*, 496 F.2d 1146, 1151 (10th Cir. 1974). "[T]he question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).

The Court finds that declaratory relief is equitable under the circumstances because Defendant failed to pay rent as required by the agreements, and removal of Defendant's equipment is necessary for Plaintiffs to re-let the towers. Accordingly, American Tower Plaintiffs may remove and dispose of Defendant's equipment remaining on the 60 sites without liability pursuant to the terms of the agreement. This declaratory relief is enforceable against any of Defendant's successor entities or any other affiliate, parent, subsidiary, or assign that received or retained asserts of Defendant as part of any transaction, merger, acquisition, or other business transaction.

### 3. Damages

Plaintiffs seek unpaid rent and licensing fees due under the agreements, including late fees and interest. ECF No. 32 at 10.

In support of their claim for damages, Plaintiffs provided a declaration from Thomas E. Caruso, who evaluated the remedy provisions of the agreements and established that damages sought for the breach of contract claims is $3,902,360.19. ECF No. 32-1 at 6. Additionally, Mr. Caruso establishes that $987,528.88 in interest accrued between December 15, 2021, and November 2, 2023. *Id.* Having reviewed the contract and the bases upon which Mr. Caruso calculated unpaid rents and license fees, the Court finds that judgment in these amounts is appropriate.

### 4. Attorney Fees

Under the 60 agreements, Plaintiff is allowed to recover attorney fees and costs following a breach of the agreement. ECF No. 32-2 at 2. To determine a reasonable fee award, a court conducts a lodestar calculation as set forth in *Hensley v. Eckerhart*, 461

U.S. 424, 433 (1983). This calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1241 (D. Colo. 2015). But this is not a blank check; a district court reviews the number of hours expended by reviewing the billing entries to ensure that counsel exercised proper billing judgment. *Id.* Once the district court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Id.*

"In determining what is a reasonable time in which to perform a given task, an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) the potential duplication of services caused by the presence of multiple attorneys when one would suffice." *Id.* at 1246 (citation and quotation marks omitted). Counsel must make a good faith effort to exclude hours or costs that are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434. Ultimately, counsel seeking an award of attorney fees must demonstrate that counsel exercised proper billing judgment and that the amount counsel seeks is reasonable.

Here, American Tower Plaintiffs' attorneys requested $75,344.95 in fees and costs to date. ECF No. 32-1 at 6. In support of this request, American Tower Plaintiffs supplied documentation of their bill calculations. ECF No. 32-2. Upon reviewing the distribution of work, as well as the recorded tasks, the Court finds their rates and time spent to be

reasonable. In total, the Court will enter judgment against Defendant for $75,344.97 in attorney fees and costs.

## IV.   CONCLUSION

Consistent with the above analysis, American Tower Plaintiffs' Motion for Default Judgment is GRANTED. The Court orders the following:

1. A default judgment is entered in favor of each Plaintiff against Defendant;

2. Judgment is entered against Defendant in amount of $2,914,831.31, broken down by each Plaintiff as follows:

   - American Tower Managment, LLC - $246, 883.26
   - American Tower Delaware Corporation - $158,142.61
   - UniSite, LLC - $166,023.43
   - SpectraSite Communications, LLC - $122,417.94
   - American Towers LLC - $428,615.02
   - American Tower Asset Sub, LLC - $389,524.31
   - GTP Acquisition Partners II, LLC - $368,492.01
   - ATC Sequoia LLC - $409,540.11
   - GrainComm III, LLC - $367,835.00
   - InSite Wireless Group, LLC – 85,927.01
   - Central States Tower Holdings - $60,602.18
   - DCS Tower Sub, LLC - $51,104.20
   - GTP Towers I - $13,219.58
   - InSite Towers Development, LLC - $46,504.65

3. Judgment is entered against Defendant for interest accrued after December 15, 2021 in the amount of $987,528.88;

4. American Tower Plaintiffs are awarded attorney fees and costs totaling $75,344.97;

5. American Tower Plaintiffs are authorized to terminate power to, remove, and dispose of Defendant's equipment remaining on the 60 sites subject to the various agreements' terms and conditions; and

6. This judgment is enforceable against any of Defendant's successor entities or any other affiliate, parent, subsidiary, or assign that received or retained asserts of Defendant as part of any transaction, merger, acquisition, or other business transaction.

DATED this 11th day of June 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge